## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **MALLORY STEWART, JOHN PERRY COMEAUX, and ROBERT REDFEARN, JR.** | **PLAINTIFFS** |
| **v.** | **CAUSE NO. 1:22-cv-297-LG-BWR** |
| **RANDAL WADE MOORE, ETI, INC., and TALON CONTRACTING, LLC** | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY TO CONSOLIDATE

**BEFORE THE COURT** is the [3] Motion to Dismiss the Claims of Plaintiffs Pursuant to Rule 12(b)(6), or Alternatively to Consolidate filed by Defendants, Randal Wade Moore, ETI, Inc., and Talon Contracting, LLC.  Plaintiffs filed a [4] Response to the Motion.  After due consideration of the parties' submissions, the record in this matter, and the applicable law, the Court finds that the [3] Motion to Dismiss should be denied.

### BACKGROUND

This lawsuit arises out of a tragic September 9, 2019 accident in which a motor vehicle operated by Plaintiff, Mallory Stewart, and carrying her children, B.C. and B.C., was allegedly struck by a vehicle operated by Defendant Randal Wade Moore and owned by Defendant ETI, Inc.  At the time, Moore's vehicle allegedly "was traveling in reverse on Northbound Interstate 59, occupying the same lane of travel."  (Compl. ¶ 12, ECF No. 1-1).  As a result of the collision, Plaintiff Mallory Stewart and her surviving minor child B.C. "sustained personal

injury and emotional and mental trauma," while her other minor child B.C. suffered fatal injuries. (*Id.* ¶¶ 14-15).

Plaintiffs Mallory Stewart and John Perry Comeaux are the parents of a deceased minor child, B.C., as well as the surviving minor child, B.C., and Plaintiff Robert Redfearn, Jr. is the administrator of B.C.'s estate. Plaintiffs brought this action in the Circuit Court of Pearl River County, Mississippi on September 7, 2022, seeking damages under theories of wrongful death, survival, bystander liability, personal injury, property damage, and punitive damages. (*Id.* ¶¶ 28-58). Plaintiffs sue the driver of the other vehicle, Defendant Moore, and its owner, Defendant ETI, Inc. Plaintiffs also name as Defendant Talon Contracting, LLC f/k/a Apollo Industries, LLC d/b/a Talon Electrical and Mechanical Group d/b/a Talon Electrical, which they refer to as "Apollo," as the employer of Defendant Moore via vicarious liability as well as for its own negligence. (*Id.* ¶¶ 20-21).

On October 27, 2022, Defendants removed the action to this Court, citing the Court's diversity jurisdiction. (Not. Removal ¶ 7, ECF No. 1). Thereafter, on November 2, 2022, Defendants filed the instant [3] Motion to Dismiss the Claims of Plaintiffs Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or in the Alternative Motion to Consolidate. Plaintiffs [4] responded to the Motion, but Defendants did not reply.

## DISCUSSION

Defendants seek dismissal or transfer of this case under the first-to-file rule or alternatively consolidation with earlier similar causes of action arising out of the

2

same accident.  Specifically, a lawsuit similar to the one at issue was filed in this Court as 1:20-cv-57-LG-BWR *Comeaux, et al. v. Moore, et al.*, arising out of the same accident and involving some of the same parties and claims as those at issue here. In October 2021, the Magistrate Judge stayed and administratively closed this case for statistical purposes due to pending state criminal proceedings against Defendant Moore.  The Magistrate Judge directed the parties to move to lift the stay when the proceedings concluded.

Further, a declaratory judgment action, 1:20-cv-268-LG-BWR *Indian Harbor Ins. Co. v. Moore, et al.*, was filed by the insurer of Apollo Industries, LLC d/b/a Talon Contracting Group, seeking a declaration that no coverage exists.  In January 2021, the cases were consolidated without opposition, but they were severed once again at the time the earlier case was stayed and closed.  However, in April 2022, the latter case was also stayed and administratively closed due to the criminal proceedings against Defendant Moore.  In late 2022, Plaintiffs unsuccessfully moved to reopen the case, citing delays in Moore's criminal proceedings.  The request was denied, and the case remains stayed and administratively closed.  There is no indication from the parties that the criminal proceedings have concluded, such that either case may be reopened.

This lawsuit is seemingly the third to originate from the subject accident, and Defendants therefore move to transfer this case under the first-to-file rule or alternatively to consolidate.  First, the Court notes that, to the extent Defendants request consolidation, the Motion has been filed in the wrong case.  Local Rule 42

provides that "the action bearing the lower or lowest docket number will control the designation of the district or magistrate judge before whom the motion to consolidate is noticed." L.U. Civ. R. 42. The instant action was the last to be filed and has the highest docket number; therefore, the Motion to Consolidate was filed in the incorrect case and should be denied.

Second, to the extent Defendants request transfer under the first-to-file rule, the Court finds that the rule is inapplicable. "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). Where two cases "are not currently pending in two different federal courts" but are rather "pending in the same division of the same district court and are assigned to the same district and magistrate judge," the first-to-file rule is inapplicable. *See Garden Tree Serv., LLC v. Ducksworth*, No. 3:16CV48-WHB-JCG, 2016 WL 10950442, at \*3 (S.D. Miss. Sep. 15, 2016) (citing *Cadle Co.*, 174 F.3d at 603); *see also Jones v. Singing River Health Servs. Foundation*, Nos. 1:15CV1-LG-RHW, 1:15CV44-LG-RHW, 2015 WL 12672726, at \*3 (S.D. Miss. June 5, 2015) ("[T]here is no need to impose the [first-to-file] rule where, as here, the cases are pending before the same judge.") (citing *In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299, 307 (5th Cir. 2013)). Likewise, here, all three cases currently exist in the Southern Division of the Southern District of Mississippi and are assigned to the same district and magistrate judges. Therefore, this request should be denied.

4

Further, the earlier-filed actions, being administratively closed due to criminal proceedings against the relevant Defendant, are not in a procedural posture which would justify granting the request.  However, the Court will consider a Motion to Consolidate filed in the appropriate case and at the appropriate time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [3] Motion to Dismiss the Claims of Plaintiffs Pursuant to Rule 12(b)(6) or Alternatively to Consolidate filed by Defendants, Randal Wade Moore, ETI, Inc., and Talon Contracting, LLC, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 31st day of May, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE